IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ZIKER CLEANERS, INC. | ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

3:08CV 273

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to JoAnne Hibner, who was adversely affected by such practices. As stated with greater particularity in paragraph 7 below, the Commission alleges that the Defendant discharged Hibner in retaliation to her opposition to practices made unlawful by Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Ziker Cleaners, Inc. (the "Employer") has continuously been an Indiana corporation, doing business in the State of Indiana and the City of South Bend, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, JoAnne Hibner filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 19, 2007, Defendant Employer has engaged in unlawful employment practices at its South Bend, Indiana, facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The unlawful employment practices include discharging JoAnne Hibner in retaliation for her opposition to practices made unlawful by Title VII.

8. The effect of the practice complained of in paragraph 7 above has been to deprive JoAnne Hibner of equal employment opportunities and otherwise adversely affect her status as an employee, because of retaliation for having protested activities made unlawful by Title VII.

9. The unlawful employment practice complained of in paragraph 7 above was intentional.

10. The unlawful employment practice complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of JoAnne Hibner.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for those individuals who have exercised their rights under Title VII of the Civil Rights Act of 1964, as amended, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole JoAnne Hibner by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of JoAnne Hibner.

D. Order Defendant Employer to make whole JoAnne Hibner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses, relocation expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole JoAnne Hibner by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay JoAnne Hibner punitive damages for its malicious and reckless conduct, as described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-7949
Fax: (317) 226-5571
E-mail: joann.farnsworth@eeoc.gov